```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :       08cr124 (DLC)
                                         :
              -v-                        :       18cv3372 (DLC)
                                         :
JOSEPH JORDAN,                           :       MEMORANDUM OPINION
                                         :            AND ORDER
              Defendant.                 :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

For the second time, defendant Joseph Jordan, proceeding pro se, requests vacatur of an Opinion that denied his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255.  See Jordan v. United States, 2019 WL 4126439, at *1 (S.D.N.Y. Aug. 30, 2019) ("August 2019 Opinion").  Because this motion is untimely, it is denied.

## Background

The factual and procedural background of this case is set forth at length in two Opinions of this Court:  the August 2019 Opinion and an Opinion denying Jordan's motion to set aside the verdict at his trial.  United States v. Jordan, 591 F. Supp. 2d 686, 693 (S.D.N.Y. 2008) ("December 2008 Opinion").  Both are incorporated by reference.

In brief, in October 2008, a jury found Jordan guilty on five counts, principally of witness tampering and transmitting threatening communications.  August 2019 Opinion, 2019 WL

4126439, at *1.  Two attorneys from the Federal Defenders represented Jordan at trial.  After the jury returned its verdict, the Court granted Jordan's request for new counsel and appointed CJA counsel to represent him at his sentencing.  Jordan then moved for a new trial, arguing, inter alia, that his trial counsel was ineffective.  The December 2008 Opinion analyzed each of his arguments, concluding that Joseph failed to meet the rigorous standard to demonstrate that his trial counsel was deficient.  December 2008 Opinion, 591 F. Supp. 2d at 711-19.

Jordan filed a habeas petition in April 2018 that largely renewed his earlier arguments.  The Court of Appeals for the Second Circuit had affirmed Jordan's conviction by summary order in March of 2016.  After considering the voluminous record created by the 2018 petition, the Court denied Jordan's petition to vacate his conviction.  August 2019 Opinion, 2019 WL 4126439.

In a filing of September 16, 2019, Jordan asserted that the Court had not considered his memorandum in reply and requested that that memorandum serve as a motion for reconsideration of the August 2019 Opinion.[1]  The Court granted Jordan's request to use his reply memorandum as a motion for reconsideration and

---

[1] As stated in the August 2019 Opinion and the October 2019 Order denying Jordan's motion for reconsideration, the Court received Jordan's reply prior to ruling on his § 2255 petition and considered that document before issuing the August 2019 Opinion.

denied the motion on October 1, 2019.  Jordan v. United States, 18cv3372 (S.D.N.Y.), Dkt. No. 22.

Meanwhile, on September 16, 2019, Jordan filed a notice of appeal from the August 2019 Opinion.  That appeal remains pending.  On August 4, 2020, Jordan filed the instant petition.[2]  This petition largely tracks his arguments on appeal.

## Discussion

In this most recent petition, Jordan seeks reconsideration of the August 2019 Opinion for a second time, this time under Rule 60(b), Fed. R. Civ. P.  That motion is denied.[3]

"Rule 60(b) is not a substitute for appeal."  Competex, S.A. v. Labow, 783 F.2d 333, 335 (2d Cir. 1986).  A movant may not, therefore, use a Rule 60(b) motion to "relitigate" the basis of the challenged judgment.  Id.  Furthermore, a Rule 60(b)(1) motion premised on a judge's error is time-barred once the time to appeal the judgment has elapsed.  See In re 310

---

[2] The August 4 petition was received and docketed on August 18.

[3] Ordinarily, Jordan's September 19, 2019 notice of appeal would deprive this Court of jurisdiction to consider his renewed post-judgment motion.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  The Court of Appeals has recognized, however, that a "district court can entertain and deny the rule 60(b) motion."  Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (citation omitted); see also United States v. Camacho, 302 F.3d 35, 37 (2d Cir. 2002).

Associates, 346 F.3d 31, 35 (2d Cir. 2003).  And pursuant to Local Rule 6.3, motions for reconsideration must be brought within fourteen days after the challenged judgment.

The Court denied Jordan's § 2255 petition on August 30, 2019.  Under Local Rule 6.3, then, he was required to bring any motion for reconsideration by September 13, 2019.  And pursuant to Fed. R. App. P. 4(a)(1)(B), his deadline to appeal the August 2019 Opinion -- and thus to bring the instant Rule 60(b) motion -- expired on October 29, 2019.  From either perspective, then, this Rule 60 motion is untimely.  In any event, Jordan has put the very same arguments in this Rule 60 application into his appeal pending before the Court of Appeals.  Jordan may not use this Rule 60 motion as a duplicate of his appeal.[4]

---

[4] Where a petitioner requests relief from the denial of a habeas petition, the motion for vacatur may in some circumstances be considered a second or successive habeas petition.  Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); see also Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  If the petition advances new substantive arguments upon which relief should be granted or if it attacks the merits of the prior habeas proceeding, then the Rule 60(b) motion is properly considered to be a second or successive habeas petition.  Gonzalez, 545 U.S. at 531.  If, on the other hand, "a Rule 60(b) motion attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not count as a second or successive habeas petition.  Id. at 532; see Harris, 367 F.3d at 77.  Jordan's petition attacks the merits of the August 2019 Opinion, not the integrity of the § 2255 proceeding.  In these circumstances, the trial court has two options: it may transfer the motion to the Circuit for potential certification or it may simply deny the motion as outside the scope of Rule 60(b).  See Harris, 367 F.3d at 82; Gitten v. United States, 311 F.3d 529,

**Conclusion**

Jordan's August 4, 2020 petition, which he characterizes as a Rule 60(b) motion, is denied. Because Jordan has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).

Dated:   New York, New York
         December 21, 2020

                                    _____
                                    DENISE COTE
                                    United States District Judge

---

534 (2d Cir. 2002). If Jordan's were motion timely, it would be denied. As noted above, Jordan's pending appeal is already presenting the issues in this motion to the Circuit.

```
Copy mailed to:
JOSEPH RAY JORDAN (Register #: 60818-054)
FCI BUTNER MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
BUTNER, NC 27509
```